**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 19-CR-20674-GAYLES(ss)**

**UNITED STATES OF AMERICA**

**vs.**

**LEAH SOLOMON,**

   **Defendant.**
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and

LEAH SOLOMON (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to count 3 of the Second Superseding Indictment,

which count charges that beginning in or around January 2013 and continuing until in or around

May 2019, the exact dates being unknown to the Grand Jury, in Miami-Dade County, in the

Southern District of Florida, and elsewhere, the defendant, did knowingly and willfully combine,

conspire, confederate and agree with other persons known and unknown to the Grand Jury, to

commit an offense against the United States, in violation of Title 18, United States Code, Section

1956, that is, to knowingly engage in monetary transactions in criminally derived property of a

value greater than $10,000 and derived from specified unlawful activity, in violation of Title 18

U.S.C. §1957.  The government agrees to dismiss any other charges pending against the

defendant, including any charges from underlying indictments, and agrees that the guilty plea

under this agreement encompasses the defendant's criminal liability for all conduct that could be

charged pertaining to the prescription pharmaceutical diversion scheme described in the Second

Superseding Indictment, including possible charges derived from profits originating from this

2

scheme, such as bank and mortgage fraud accomplished by the purchase of property with earnings from this scheme.

2.   The defendant is aware that her sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory Sentencing Guidelines range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that she may not withdraw her plea solely as a result of the sentence imposed.

3.   The defendant also understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to 10 years, followed by a term of supervised release of up to three years. In addition to a term of imprisonment and supervised release, the

3

Court may impose a fine of $10,000 or up to twice the value of the property involved in the transaction, whichever greater.

4. The defendant further understand and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100 will be imposed on her. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If the defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

5. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the Sentencing Guidelines level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of her own misconduct by timely notifying authorities of her intention to enter a plea of guilty, thereby

4

permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office further agrees to recommend that the defendant be sentenced at the low end of the Guideline range, as that range is determined by the Court. This Office, however, will not be required to make this motion and these recommendations if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

7. This Office and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the calculation of the Sentencing Guidelines: That the loss amount was over $9,500,000, which corresponds under Section 2B1.1(b)(1) to an additional 20 points under the Sentencing Guidelines.

8. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant

5

understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may not withdraw her plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, this Office, or a recommendation made jointly by the defendant and this Office.

9.  The defendant agrees that she shall cooperate fully with this Office by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this Office, whether in interviews, before a grand jury, or at any trial or other Court proceeding; (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by this Office; and (c) if requested by this Office, working in an undercover role under the supervision of, and in compliance with, law enforcement officers and agents.  In addition, the defendant agrees that she will not protect any person or entity through false information or omission, that she will not falsely implicate any person or entity, and that she that he will not commit any further crimes.

10.  This Office reserves the right to evaluate the nature and extent of the defendant's cooperation and to make that cooperation, or lack thereof, known to the Court at the time of sentencing.  If in the sole and unreviewable judgment of this Office the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentencing range calculated under the Sentencing Guidelines and/or any applicable minimum mandatory sentence, this Office may make a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines and/or Title 18, United States Code, Section 3553(e), or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that the defendant has provided

6

substantial assistance and recommending that her sentence be reduced.    The defendant understands and agrees, however, that nothing in this agreement requires this Office to file any such motions, and that this Office's assessment of the quality and significance of her cooperation shall be binding as it relates to the appropriateness of this Office's filing or non-filing of a motion to reduce sentence.

11.   The defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence filed by this Office.   In addition, the defendant further understands and acknowledges that the Court is under no obligation of any type to reduce the defendant's sentence because of her cooperation.

12.   It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements, or information pursuant to this agreement, or should the defendant falsely implicate or incriminate any person, or should the defendant fail to voluntarily and unreservedly disclose and provide full, complete, truthful, and honest knowledge, information, and cooperation regarding any of the matters noted herein, the following conditions shall apply:

(a)    The defendant may be prosecuted for any perjury or false declarations, if any, committed while testifying pursuant to this agreement, or for obstruction of justice.

(b)    The United States may prosecute the defendant for the charges which are to be dismissed pursuant to this agreement, if any, and may either seek reinstatement of or refile such charges and prosecute the defendant thereon in the event such charges have been dismissed pursuant to this agreement.   With regard to such charges, if any, which have been dismissed, the defendant, being fully aware of the nature of all such charges now pending in the instant case, and being further aware of her rights, as to all felony charges pending in such case (those offenses

7

punishable by imprisonment for a term of over one year), to not be held to answer to said felony

charges unless on a presentment or indictment of a grand jury, and further being aware that all

such felony charges in the instant case have heretofore properly been returned by the indictment

of a grand jury, does hereby agree to reinstatement of such charges by decision of any order

dismissing them or, alternatively, does hereby waive, in open court, prosecution by indictment and

consents that the United States may proceed by information instead of by indictment with regard

to any felony charges which may be dismissed in the instant case, pursuant to this plea agreement,

and the defendant further agrees to waive the statute of limitations and any speedy trial claims on

such charges.

(c)     The United States may prosecute the defendant for any offenses set forth

herein, if any, the prosecution of which in accordance with this agreement, the United States agrees

to forego, and the defendant agrees to waive the statute of limitations and any speedy trial claims

as to any such offenses.

(d)     The government may use against the defendant the defendant's own

admissions and statements and the information and books, papers, documents, and objects that the

defendant has furnished in the course of the defendant's cooperation with the government.

(e)     The defendant will not be permitted to withdraw her guilty pleas to those

counts to which she hereby agrees to plead guilty in the instant case.

13.   The defendant agrees, in an individual and any other capacity, to forfeit to the United

States, voluntarily and immediately, any right, title, and interest to any property, real or personal,

involved in the offense in violation of 18 U.S.C. § 1956(h), to which she is pleading guilty, or any

property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1).   In addition, the defendant

8

agrees to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).   The property subject to

forfeiture includes, but is not limited to:

      a.     a forfeiture money judgment in the sum of $1,000,000.00 in U.S. currency,

which sum represents the value of the property subject to forfeiture;

      b.     directly forfeitable property, including, but not limited to:

          (i)     Real property located at 16218 South 34th Way, Phoenix, Arizona, 85048-7444;

          (ii)     Real property located 10101 SW 124th Avenue, Miami, Florida, 33186;

          (iii)     real property located at 3223 Evergreen Point Road, Medina, Washington, 98039;

          (iv)     Account number 1030020296256 at First Credit Union in the name of LLC WHOLESALE SUPPLY LLC;

          (v)     Account number 331178779 at JP Morgan Chase Bank held in the name of Harvard Distributor Group

          (vi)     Account number 898092625825 at Bank of America in the name of Harvard Distributor Group;

          (vii)     Account number 4358061730 at TD Bank in the name of Harvard Distributor Group;

          (viii)     Account number 9117877642 at Citibank in the name of Mohammad Salemi;

          (ix)     Account number 59685357bccc1e0176a03bb3 at Coinbase.com in the name of Mohammed Salemi;

          (x)     Account number 3757-2732 at E*TRADE Securities LLC in the name of Mohammed Salemi;

          (xi)     Account number 113075979 at JP Morgan Chase Bank in the name of Wholesaler's Group of Washington LLC;

          (xii)     Account number 9118166734 at Citibank in the name of MAS

9

Express Corporation;

(xiii) Account number 3263614848 at Wells Fargo Bank in the name of JJoles Enterprises LLC;

(xiv) Account number 5a21a84cbb6c11012d9d75ff at Coinbase.com in the name of Joshua Joles;

(xv) Account number 502790233 at Centennial Bank in the name of COPA Financial LLC;

(xvi) Account number 502923006 at Centennial Bank in the name of COPA Financial, LLC;

(xvii) Account number 595f93aefe9a1701516902bf at Coinbase.com in the name of JORGE PAIZ;

(xviii) Account number 3JfdFvTQBLURpPVHp2jb6QRpwBnEiZsmkh at Xapo, Inc.;

(xix) Real property located at 15022 SW 143rd Terrace, Miami, Florida, 33196;

(xx) Real property located at 1801 162nd Ave NE, Bellevue, Washington 98008;

(xxi) Account number 138118424806 at Bank of America in the name of ABA-BROKERS LLC;

(xxii) Account number 138124068094 at Bank of America in the name of Leah Solomon and Emil Levy;

(xxiii) Account number 138119725258 at Bank of America in the name of Leah Solomon.

c.     substitute property, including, but not limited to:

(i)     Real property located at 6717 Park Strand Drive, Apollo Beach, Florida 33572;

(ii)    Real property located at 6347 Shore Vista Place , Apollo Beach, Florida 33572;

(iii)   Real property located at 13849 SW 283rd Terrace, Miami, Florida

10

33033;

(iv)    Real property located at 12131 Agana Street, Orlando, Florida 32837;

(v)    Real property located at 829 Lorca Street, Coral Gables, Florida, 33134;

(vi)    Real property located at 360 West 19th Street, Hialeah, Florida 33010;

(vii)    Real property located at 420 Blue Road, Coral Cables, Florida, 33146; and

(viii)    Real property located at 18250 NW 86th Avenue, Hialeah, Florida, 33015.

14.    The defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court.  The defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the defendant agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. Rs. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

15.    The defendant also agrees to fully and truthfully disclose the existence, nature and location of all assets in which the defendant has or had any direct or indirect financial interest or control, and any assets involved in the offense of conviction.  The defendant agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the United States as subject to forfeiture.   This includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way with any criminal,

11

civil or administrative forfeiture proceeding concerning the forfeiture.

16.     In furtherance of the satisfaction of a forfeiture money judgment entered by the Court in this case, the defendant agrees to the following:

a.     submit a financial statement to this Office upon request, within 14 calendar days from the request;

b.     maintain any asset valued in excess of $10,000, and not sell, hide, waste, encumber, destroy, or otherwise devalue such asset without prior approval of the United States;

c.     provide information about any transfer of an asset valued in excess of $10,000 since the commencement of the offense conduct in this case to date;

d.     cooperate fully in the investigation and the identification of assets, including liquidating assets, meeting with representatives of the United States, and providing any documentation requested; and

e.     notify, within 30 days, the Clerk of the Court for the Southern District of Florida and this Office of: (i) any change of name, residence, or mailing address, and (ii) any material change in economic circumstances.

The defendant further understands that providing false or incomplete information about assets, concealing assets, making materially false statements or representations, or making or using false writings or documents pertaining to assets, taking any action that would impede the forfeiture of assets, or failing to cooperate fully in the investigation and identification of assets may be used as

12

a basis for: (i) separate prosecution, including, under 18 U.S.C. § 1001; or (ii) recommendation of a denial of a reduction for acceptance of responsibility pursuant to the United States Sentencing Guidelines § 3E1.1.

17.   The defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the defendant the right to appeal the sentence imposed in this case.  Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing.   This appellate waiver also includes waiving the right to argue on appeal that (a) the statutes to which the defendant is pleading guilty are unconstitutional, (b) and/or that the admitted conduct does not fall within the scope of the statutes, (c) and/or that venue or jurisdiction is lacking for the charged conduct.   The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291.  However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights.   By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney.

18.   The defendant recognizes that pleading guilty may have consequences with respect to her immigration status if she is not a citizen of the United States.   Under federal law, a broad

13

range of crimes are removable offenses, including the offense to which the defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the defendant's conviction on her immigration status. Defendant nevertheless affirms that she wants to plead guilty regardless of any immigration consequences that her plea may entail, even if the consequence is her automatic removal from the United States.

19.   This is the entire agreement and understanding between this Office and the defendant and supersedes any other agreements, understandings, promises, representations, or understandings made in the past.

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

Date:  9/9/21          By:  _Walter M. Norkin_
                            WALTER M. NORKIN
                            ASSISTANT U.S. ATTORNEY

Date:  9/9/21          By:  _____
                            ROBERT AMSEL, ESQ.
                            ATTORNEY FOR DEFENDANT

Date:  9/9/21          By:  _____
                            LEAH SOLOMON
                            DEFENDANT