**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.  19-20674-CR-GAYLES**


**UNITED STATES OF AMERICA**

**vs.**

**LEAH SOLOMON,**

      **Defendant.**

_____/


### GOVERNMENT'S RESPONSE TO DEFENDANTS MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE


Defendant Leah Solomon, having served just one year of supervised release, now seeks to be relieved of her obligation to serve the second year of it. The United States strongly opposes this motion.

The defendant advances no reason why she should receive this benefit, other than that she has met the basic requirements of supervised release, and  generally expressing dissatisfaction that she did receive a Rule 35 motion.

None of this is a reason for early termination.  Indeed, she has a record that makes it clear she needs to be closely supervised.

To begin with, her purported cooperation with the United States was of extremely limited, if any, value.  She started off providing false information and only corrected it in a subsequent interview. No information she provided was of sufficient value for the United States to have considered using her as a trial witness.   Hence the fact that she provided some information to the

United States relevant to the culpability of two other defendants doesn't mean that she ever came close to providing substantial assistance, and it has no relevance to her motion for early termination.

What does have extreme relevance is her egregious misconduct while on bond. Some of that misconduct is succinctly summarized in a previous Government pleading, D.E. 1142, which the United States hereby adopts by reference. In essence, while on pre-trial release she lied, cheated, and stole. Now, she wants to be rewarded for not doing anything else wrong, at least during the last twelve months.

The defendant has an outstanding money forfeiture judgement for approximately $1.5 million (D.E. 475). Nowhere in her motion does she aver that she has paid a nickel of it. This hardly qualifies her as "an exemplary supervisee," as she claims in paragraph 9 of her motion. Rather, her conduct shows her to be someone who needs to be watched carefully while on supervision, for as long as the court's original sentencing decision allows.

There is no reason why this defendant should receive early termination of supervised release, other than that she would rather not be supervised. On the other hand, there are significant reasons why she should be supervised. Not the least of which is her misconduct while on pre-trial release, which was a significant enough that this court revoked her bond and remanded her. See Violation Memorandum submitted by Pre-Tria Services dated September 14, 2023 (sealed document).

For the forgoing reasons, the defendant's motion clearly should be denied.

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

By: /s Frank H. Tamen
FRANK H. TAMEN
Assistant United States Attorney
Florida Bar No. 0261289
99 NE 4th Street, Ste. 700
Miami, Florida 33132
Tel: (305) 961-9022
Fax: (305) 536-7213
Frank.Tamen@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 6, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

By: /s/ Frank H. Tamen
Frank H. Tamen
Assistant United States Attorney

3